---

BROWN (DAVIDSON v.). See Case No. 3,-601.

BROWN (DAVOLL v.). See Case No. 3,-662.

---

## Case No. 2,001.

BROWN et al. v. DECATUR.

[4 Cranch, C. C. 477.] [1]

Circuit Court, District of Columbia. Nov. Term, 1834.

GUARANTY—ASSIGNMENT OF DEBT TO GUARANTOR—REMEDIES OF GUARANTOR.

1. If the obligation of the guarantor has become absolute, and he pays the debt, he cannot maintain an action, in the name of the original creditor, against the original debtor, although, at the time of payment, he took an assignment of the debt, from the creditor.

2. But if, at the time of such payment and assignment, it was not meant thereby to extinguish the debt, but that the same should be assigned to the guarantor, and the same was so assigned, in consideration of such payment, the guarantor had a right to bring his action in the name of the original creditor, against the original debtor.

Robert Oliver guarantied a debt of $1,500, due by Mrs. Susan Decatur, to Alexander Brown & Sons, and when his obligation as guarantor had become absolute, he paid the money to Brown & Sons, and took an assignment of the debt, and brought this suit in the name of Alexander Brown & Sons against Mrs. Decatur.

Upon the trial, Mr. Marbury, for the defendant, prayed the court to instruct the jury, that "if they believe, from the evidence, that the legal plaintiffs loaned to the defendant $1,500, by the procurement and on the guaranty of Mr. Oliver, who undertook so to guaranty, at the request of the defendant, and that the said R. Oliver, in consideration of his obligation as such surety, having become absolute, paid the said debt to the said Alexander Brown & Sons, out of his own funds, the said Oliver cannot recover in this action, although he took from the said Browns, at the time of his payment, an assignment of the said claim on the defendant." Mr. Marbury contended that the debt was extinguished by the payment, and the creditor had nothing to assign, and so nothing passed by the assignment. Bowie v. Duvall. 1 Gill & J. 175; Dugan v. U. S., 3 Wheat. [16 U. S.] 172; Barnes v. Blackiston, 2 Har. & J. 376; Turner v. Egerton, 1 Gill & J. 430; Hollins v. Barney, 3 Har. & J. 437; Chesapeake Ins. Co. v. Stark, 6 Cranch [10 U. S.] 268.

Mr. Key and Mr. Dunlop, for the plaintiff. The debt was not extinguished. The case of Bowie v. Duvall [supra] is universally admitted, by the bar of Maryland, to be incorrect. See Judge Archer's opinion. It is every day's practice in Maryland for the surety to pay the money and take an assignment of the debt.

Mr. Marbury, in reply. If Mr. Oliver became surety, at the request of the defendant, and was obliged to pay the money, he had a right of action in his own name. The right of action could not be in both at the same time.

THE COURT (nem. con.) gave the instruction prayed by Mr. Marbury; and further (THRUSTON, Circuit Judge, contra), at the prayer of the plaintiffs, instructed the jury, in substance, that if they find, from the evidence, that when the amount of the loan was so paid by Oliver to the Browns, and the assignment was taken, it was not intended thereby to extinguish the debt, but that the same should be assigned by the said Browns to the said Oliver, and was, in consideration of such payment, so assigned, the plaintiffs had a right to bring this action, for the use of the said Oliver, in the manner it is brought.

Verdict for the plaintiff for $1,500 and interest.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]